NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL GROENEVELD,<br><br>                    Plaintiff,<br><br>        v.<br><br>VERB TECHONOLOGY COMPANY, INC., *et al.*,<br><br>                    Defendants. | Civil Action No. 23-03766 (GC) (JBD)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

THIS MATTER comes before the Court upon Defendants Verb Technology Company, Inc., Rory Cutaia, and Salman Khan's joint Motion to Transfer Venue to the United States District Court for the Central District of California, Western Division, or, in the Alternative, to Compel Arbitration or to Dismiss for Lack of Personal Jurisdiction.  (ECF No. 9.)  Plaintiff Michael Groeneveld opposed, and Defendants replied.  (ECF Nos. 10 & 11.)  The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Defendants' motion to transfer is **GRANTED**.  The case shall be transferred to the Central District of California, Western Division.

I.      **BACKGROUND**

This case involves unpaid wages.  Plaintiff Groeneveld filed the Complaint in New Jersey Superior Court, Monmouth County, against Defendants Verb Technology, Cutaia, and Khan as well as several other unidentified individuals.  (ECF No. 1-3.)

Plaintiff (resident of New Jersey) was employed at Verb Technology (incorporated in Nevada) as the Senior Vice President of Global Sales from September 7, 2021, to November 8, 2022.  (*Id.* ¶¶ 1-2, 6.)  Cutaia, Chief Executive Officer of Verb Technology, and Khan, Executive Vice President and then-interim Chief Financial Officer, were Plaintiff's superiors.[1]  (*Id.* ¶¶ 7-8.)

Plaintiff alleges that his offer letter from Verb Technology promised annual performance bonuses ranging from $100,000.00 to $190,000.00, conditioned on Plaintiff's achievement of certain to-be-defined performance objectives.  (*Id.* ¶¶ 9-15.)  During Plaintiff's employment, Cutaia and Khan allegedly "agreed that [Plaintiff] was entitled to three quarters of a full year bonus, $142,500," and Plaintiff then achieved objectives "entitling him to further compensation." (*Id.* ¶¶ 21-24.)  Despite Cutaia and Khan acknowledging that Plaintiff was owed said bonuses, Plaintiff was discharged from Verb Technology on November 8, 2022, and he has not been paid "any of the performance-based compensation."  (*Id.* ¶¶ 25-31.)

Plaintiff asserts causes of action under the New Jersey Wage Payment Law, N.J. Stat. Ann. § 34:11-4.1, *et seq.*, and for breach of contract, unjust enrichment, *quantum meruit*, as well as promissory estoppel.  (*Id.* ¶¶ 39-48.)

On July 13, 2023, Defendants removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.  (ECF No. 1.)  They then proceeded to file, on August 23, 2023, a joint

---

[1]      The Complaint alleges that Cutaia and Khan are residents of Utah, but an August 23, 2023 declaration from Cutaia, sworn under penalty of perjury, attests that he is a resident of Nevada and Khan is a resident of California.  (ECF No. 9-10 at 1-2.)

motion to transfer venue to the United States District Court for the Central District of California,

Western Division, pursuant to 28 U.S.C. § 1404(a); to compel arbitration pursuant to Rule

12(b)(6); and to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).  (ECF No. 9.)

Plaintiff opposed, and Defendants replied.  (ECF Nos. 10 & 11.)

## II.    LEGAL STANDARD

"Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district

where the case might have been brought, or to which the parties have consented, for the

convenience of the parties and witnesses and in the interest of justice." *In re McGraw-Hill Glob.*

*Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018).  The party moving to transfer "bears the

burden of persuasion." *Id.*

On a § 1404(a) motion, a court must consider the three factors "enumerated under the

statute—convenience of the parties, convenience of the witnesses, and the interests of justice—

along with all other relevant private and public factors." *Id.*  Private factors "include the 'plaintiff's

forum preference as manifested in the original choice'; 'the defendant's preference'; 'whether the

claim arose elsewhere'; 'the convenience of the parties as indicated by their relative physical and

financial condition'; 'the convenience of the witnesses'; and 'the location of books and records,'

as well as 'all other practical problems that make trial of a case easy, expeditious and

inexpensive.'" *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402 (3d Cir. 2017) (citations

omitted).  Public factors "include 'the enforceability of the judgment'; 'the relative administrative

difficulty in the two fora resulting from court congestion'; 'the local interest in deciding local

controversies at home'; 'the public policies of the fora'; and 'the familiarity of the trial judge with

the applicable state law in diversity cases.'" *Id.* (citation omitted).  A court must ultimately decide,

"on balance, whether the litigation would 'more conveniently proceed and the interests of justice

be better served by transfer to a different forum.'" *In re McGraw-Hill*, 909 F.3d at 57 (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).

When a forum-selection clause is at issue, "a motion to transfer under § 1404(a) is the appropriate procedural mechanism to enforce a forum-selection clause." *Peck v. Jayco, Inc.*, 665 F. Supp. 3d 607, 612 (D.N.J. 2023).  The § 1404(a) analysis must be adjusted in three ways, however, when a forum-selection clause exists: "district courts (1) must give no weight to the forum preferred by 'the party defying the forum-selection clause'; (2) must deem the private interests to 'weigh entirely in favor of the preselected forum' because the parties agreed to the preselected forum and thereby waived the right to challenge it as inconvenient; and (3) must proceed to analyze only public interests." *In re: Howmedica*, 867 F.3d at 402 (quoting *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62-65 (2013)).

And when "both contracting and non-contracting parties are found in the same case," a court must "consider in sequence: (1) the forum-selection clauses, (2) the private and public interests relevant to non-contracting parties, (3) threshold issues related to severance, and (4) which transfer decision most promotes efficiency while minimizing prejudice to non-contracting parties' private interests." *Id.* at 403-04; *see also Peck*, 665 F. Supp. 3d at 612.

## III.    DISCUSSION

### A.  SEQUENCING OF MOTIONS

When faced, as here, with competing bases to dispose of a case, a district court "has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).  The United States Court of Appeals for the Third Circuit has clarified, however, that it is preferable to resolve "disputes over venue and jurisdiction" before "resolving a dispute over arbitrability." *Castillero v. Xtend Healthcare, LLC*, Civ. No. 22-

02099, 2023 WL 8253049, at *10 (D.N.J. Nov. 29, 2023) (quoting *Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 95-96 (3d Cir. 2018)).   Accordingly, the Court will first examine Defendants' motion to transfer venue.[2]  *See Reading Health Sys.*, 900 F.3d at 95 ("Venue disputes involve only a threshold determination 'that the merits should [or should not] be adjudicated elsewhere.'" (quoting *Sinochem Int'l Co.*, 549 U.S. at 432)).

### B. MOTION TO TRANSFER

Defendants seek to transfer this case to the United States District Court for the Central District of California, arguing that Plaintiff's employment agreement with Verb Technology "contain[ed] a forum selection clause designating state or federal court located in Los Angeles County, California for any action arising out of or related to Plaintiff's employment with the Company." (ECF No. 9-1 at 8.)  They submit that Plaintiff's employment-related claims "fall squarely within the scope of the forum selection clause," and the case must therefore be transferred. (*Id.* at 10.)

Plaintiff responds by arguing that the arbitration provision in his employment agreement is unenforceable under New Jersey law, and because the "forum selection clause [is] contained within the same paragraph" as the arbitration provision, the forum-selection clause should also be deemed "void." (ECF No. 10 at 5 (no citations omitted).)  Plaintiff also argues that because the employment agreement is with Verb Technology, not with Cutaia and Khan, these individuals should not be allowed to enforce the forum-selection clause against him. (*Id.* at 5-6.)

Having carefully reviewed the parties' arguments and submissions, the Court finds that this case should be transferred to the Central District of California.  Plaintiff has failed to present a

---

[2]      "[T]he Third Circuit has previously held that a court need not reach a conclusion regarding personal jurisdiction prior to effecting a § 1404(a) transfer of an action to another district court." *Carcanague v. DuPont De Nemours, Inc.*, Civ. No. 19-18181, 2020 WL 7481597, at *3 (D.N.J. Dec. 18, 2020) (citations omitted).

compelling reason to not enforce the forum-selection clause with Verb Technology.  And because the two non-signatories to the agreement—Cutaia and Khan—support the motion, transfer would not prejudice them and is in the interest of justice.

### 1.  THE FORUM SELECTION CLAUSE

The United States Supreme Court has emphasized that "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Atl. Marine*, 571 U.S. at 66.  Thus, "[i]n all but the most unusual cases, . . . 'the interest of justice' is served by holding parties to their bargain." *Id.*  The Third Circuit has similarly concluded that when parties have agreed to a forum-selection clause, "claims concerning those parties should be litigated in the fora designated by the clauses." *In re: Howmedica*, 867 F.3d at 404.  Accordingly, forum-selection clauses "are 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'"[3] *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

A party may overcome the presumptive validity of a forum-selection clause by making "a 'strong showing' that the clause is 'unreasonable.'" *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000) (citation omitted).  For such a clause to be found unreasonable, the party objecting to it must demonstrate "(1) that it is the result of fraud or overreaching; (2) that enforcement would violate strong public policy of the forum; or (3) that

---

[3]     "Federal law, not state law, is applied to the validity of a forum selection clause in a federal diversity action." *Polytek Dev. Corp. v. 'Doc' Johnson Enterprises*, 532 F. Supp. 3d 243, 248 (E.D. Pa. 2021).  In contrast, courts "look to state law in determining *scope*—whether the claims and parties involved in a particular dispute are subject to the particular forum selection clause at hand." *Moran v. Moran*, Civ. No. 22-1298, 2022 WL 16822010, at *2 (D.N.J. Nov. 8, 2022) (emphasis in original).

enforcement would . . . result in jurisdiction so seriously inconvenient as to be unreasonable."

*Kilduff v. Jayco, Inc.*, Civ. No. 23-00470, 2023 WL 3361187, at *3 (E.D. Pa. May 10, 2023)

(quoting *Polytek Dev. Corp.*, 532 F. Supp. 3d at 248).

Here, the forum selection is contained in an August 2, 2021 employment agreement entered

into by Verb Technology and Plaintiff.  (ECF No. 9-11 at 1-13.)  The thirteen-page agreement is

signed by Defendant Khan in his role as Executive Vice President of the company as well as by

Plaintiff.  (*Id.* at 3.)  In the same font size and color as other text therein, the tenth and eleventh

pages of the agreement read in relevant part:

> 18. **Mutual Arbitration Agreement.** The Company AND ITS
> AFFILIATES AND SUBSIDIARIES (TOGETHER, THE
> "COMPANY") AND I AGREE THAT ANY DISPUTE arising out
> of or related to my recruitment to or employment with the Company,
> including the termination of that relationship and any allegations of
> unfair or discriminatory treatment arising under state or federal law
> or otherwise and whether asserted against the Company or its
> current or former employees or affiliates, **SHALL BE RESOLVED
> BY FINAL AND BINDING ARBITRATION**, in Los Angeles,
> California (unless the arbitrator orders otherwise), in accordance
> with the Model Employment Dispute Resolution Rules of the
> American Arbitration Association (which appear at
> http://www.adr.org/employment).  The Company and I irrevocably
> submit to the exclusive jurisdiction of any state or federal court
> located in Los Angeles County, California over any suit, action or
> proceeding arising out of or relating to or concerning the
> employment relationship that is not otherwise arbitrated or resolved
> according to the preceding sentence.  This includes any suit, action
> or proceeding to compel arbitration or to enforce an arbitration
> award.   Notwithstanding the foregoing, nothing herein shall
> preclude the Company from bringing any action or proceeding in
> any other court for the purpose of enforcing the provisions of the
> agreement to arbitrate.
>
> [(*Id.* at 10-11 (emphases in original).)]

By its plain terms, the agreement sets forth that employment-related disputes between Verb

Technology and Plaintiff are to be submitted to arbitration in California.  And for any claims "not

otherwise arbitrated," the agreement directs that they are subject "to the exclusive jurisdiction of any state or federal court located in Los Angeles County, California." (*Id.*)

In opposing the motion to transfer, Plaintiff does not assert that the employment agreement was the result of fraud, that enforcement of the forum-selection clause would violate strong public policy, or that jurisdiction in California is so seriously inconvenient as to be unreasonable. (ECF No. 10 at 5-6.)  Plaintiff's main argument is that because the arbitration provision is allegedly unenforceable, the Court should simply presume that the forum-selection clause is also unenforceable. (*Id.*)  Plaintiff does not cite any authority in support of such a conclusion.

Plaintiff's challenge to the arbitration provision centers on his argument that it is deficient under New Jersey law because it "does not disclose that Plaintiff is forgoing the right to a jury trial." (*Id.* at 4-5.)  Even if the Court were to accept Plaintiff's argument as to the arbitration provision, Plaintiff has not demonstrated that it impacts the enforceability of the forum-selection clause.  The employment agreement provides for exclusive jurisdiction in California, even for matters not subject to arbitration.  Moreover, the agreement provides that "[i]f any provision . . . is determined to be void . . . , that provision shall be severed . . . and the other provisions shall remain in full force and effect." (ECF No. 9-11 at 10.)  As such, because there is a valid forum-selection clause that Plaintiff has not meaningfully challenged or shown to be unreasonable, the Court finds it enforceable and will next analyze the public-interest factors as they relate to Verb Technology's transfer motion. *See Kilduff*, 2023 WL 3361187, at *4 ("[W]hen a forum selection clause comes into play, a district court need only consider the public interest factors, because the private interest factors 'weigh entirely in favor of the preselected forum.'" (citation omitted)).

This is not one of the "rare[]" and "unusual cases" where the public factors defeat transfer. *See Atl. Marine*, 571 U.S. at 64 ("Because those factors will rarely defeat a transfer motion, the

practical result is that forum-selection clauses should control except in unusual cases."). The majority of public factors are either neutral or favor transfer.

As to the enforceability of any judgment, this factor is neutral. The parties do not dispute that a judgment would be equally enforceable in California and New Jersey.

As to court congestion, this factor favors transfer. The District of New Jersey is known to have a heavy case load and "one of the largest total number of filings recorded in the country." *Lapidow v. San Antonio Marriott Rivercenter*, Civ. No. 23-00805, 2024 WL 863426, at *4 (D.N.J. Feb. 29, 2024) (quoting *Guarino v. W. Union Co.*, Civ. No. 20-5793, 2021 WL 3286640, at *10 (D.N.J. Aug. 2, 2021)). Indeed, publicly available data indicates that there are far more civil cases pending in the District of New Jersey than in the Central District of California. *See* WEBSITE OF THE U.S. DISTRICT COURTS, *Civil Federal Judicial Caseload Statistics (March 31, 2023)*, available at https://www.uscourts.gov/statistics/table/c/federal-judicial-caseload-statistics/2023/03/31 (last visited March 22, 2024).

As to the local interest, this factor favors retention. Plaintiff is a resident of New Jersey, and Verb Technology's states of citizenship are Nevada and Utah.[4] (ECF No. 3 at 1-2.) While New Jersey, Nevada, and Utah all have an interest in deciding a case involving their residents, California does not have the same local interest here.

As to the public policies of the fora, this factor favors transfer. As other districts courts have recognized, "New Jersey public policy strongly favors the enforcement of forum-selection provisions." *Peck*, 665 F. Supp. 3d at 615; *see also Mancuso v. L'Oreal USA, Inc.*, Civ. No. 20-

---

[4]    Although the allegations to date are insufficient for the Court to conclude that either Plaintiff or Verb Technology would be subject to personal jurisdiction in California based on a minimum contacts analysis, the forum-selection clause operates as a form of consent that "provides an independent basis for personal jurisdiction. *See Canon Fin. Servs., Inc. v. Direct Impressions, Inc.*, Civ. No. 23-167, 2023 WL 6140689, at *4 (D.N.J. Sept. 20, 2023) ("Such a manifestation of consent has long included forum selection clauses." (collecting cases)).

5701, 2021 WL 365228, at *6 (D.N.J. Feb. 1, 2021) ("[T]he fifth factor weighs strongly in favor of enforcing the forum selection clause because of New Jersey . . . public policy in favor of enforcing contractual provisions, including forum selection clauses."). There also appears to be no general California public policy against enforcing forum-selection clauses. *See In re: Howmedica*, 867 F.3d at 410 ("[B]oth California and New Jersey lack any public policy against enforcing forum-selection clauses."). At minimum, Plaintiff does not argue and does not cite authority that enforcement in this case would be inconsistent with public policy.

Finally, as to the familiarity of the trial judge with applicable state law, even assuming New Jersey law applies and this factor favors retention, it is insufficient to defeat transfer. While it is preferable that a diversity case be decided by the court familiar with the applicable state law, "district courts are frequently called upon to interpret and apply the law of a state other than that in which they sit." *Bensalem Lodging Assocs., LLC v. Holiday Hosp. Franchising, LLC*, 575 F. Supp. 3d 532, 541 (E.D. Pa. 2021); *see also Booth v. Citizens Bank, N.A.*, Civ. No. 22-5276, 2023 WL 3916275, at *6 (D.N.J. June 9, 2023) ("[T]he sixth factor is neutral because, although this Court may have more familiarity with the NJLAD, we have 'full faith in the judges of the District of [Rhode Island] to properly apply' it." (citation omitted)); *DiMarco v. Coates*, Civ. No. 19-1559, 2020 WL 5593767, at *3 (D.N.J. Sept. 18, 2020) ("[S]ince federal courts are generally well-equipped to apply the laws of other states and frequently do so in diversity cases, the Court finds that familiarity of the trial judge with applicable state law is a neutral factor in this instance.").

Ultimately, nothing in the public-interest analysis strongly militates in favor of the Court retaining jurisdiction, and "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63 (citation omitted). Transfer of Plaintiff's claims against Verb Technology is therefore appropriate under § 1404(a).

## 2. THE NON-CONTRACTING PARTIES

Because Cutaia and Khan are not individual parties to Plaintiff's employment agreement, the question becomes whether Plaintiff's claims against these two non-contracting parties should also be transferred to the Central District of California or should be severed and retained here in New Jersey.[5] *See In re: Howmedica*, 867 F.3d at 404-05.

The parties dispute whether Cutaia and Khan can enforce the forum-selection clause as third-party beneficiaries to the employment agreement. Defendants argue that the agreement covers claims "asserted against the Company or its current or former employees," which indicates that Verb Technology and Plaintiff intended to "provid[e] the individual Defendants the right to enforce the forum selection clause[.]" (ECF No. 9-1 at 9-10.) Plaintiff insists, however, that under

---

[5]      Defendants represent that Khan is a resident of California, so personal jurisdiction over him in California would appear to be proper. (ECF No. 9-10 at 1.) In contrast, Cutaia represents that he is a resident of Utah. (*Id.*) Nevertheless, because Cutaia joined in the motion to transfer and consents to transfer to California without indicating an intent to contest personal jurisdiction if the case is so transferred, this defense is waived. *See, e.g., Grande v. Knauf Gips KG & Knauf New Bldg. Sys. (Tianjin) Co.*, Civ. No. 21-3287, 2022 WL 5434325, at *3 (S.D. Tex. June 23, 2022) ("The parties consented to the transfer and therefore to this Court's exercise of jurisdiction over them."); *Real Est. Sols. Today LLC. v. Scifo*, Civ. No. 20-4512, 2021 WL 486896, at *7 n.6 (D.N.J. Feb. 10, 2021) ("[P]ersonal jurisdiction is waivable, and based on Defendants' motion, in the alternative, to transfer this action, . . . it is apparent that [Defendant] consents to the exercise of personal jurisdiction over him in New York."); *ECB USA, Inc. v. Savencia, S.A.*, Civ. No. 19-731, 2020 WL 5369076, at *2 (D. Del. Sept. 8, 2020) ("By consenting to transfer under Section 1404(a), a defendant waives any argument that the transferee district is not one where the action 'might have been brought' and, therefore, also impliedly waives any argument that the transferee district does not have personal jurisdiction over the defendant."); *Lockett v. Pinnacle Ent., Inc.*, Civ. No. 19-00358, 2019 WL 4296492, at *5 (W.D. Mo. Sept. 10, 2019) ("[C]onsenting to a transferee court means that the party is consenting to venue and personal jurisdiction in that court."); *cf. Ragner Tech. Corp. v. Berardi*, 287 F. Supp. 3d 541, 549 (D.N.J. 2018) (finding that defendants preserved objection to personal jurisdiction in transferee court where they asserted that transferee did not have jurisdiction and that defendants intended to challenge it).

New Jersey law "only signatories to an agreement are entitled to enforce a forum selection clause."[6] (ECF No. 10 at 5-6.)

The primary case relied on by Plaintiff is *Zydus Worldwide DMCC v. Teva API Inc.*, wherein the district court surveyed New Jersey case law and concluded that "absent third-party beneficiary status, a non-signatory is not within the scope of an agreement's forum selection clause." 461 F. Supp. 3d 119, 133-36 (D.N.J. 2020) (McNulty, J.). The *Zydus* court noted that federal courts in this District "have bound non-signatories to forum selection clauses in diversity cases—repeatedly, . . . and in no uncertain terms," but the court discounted this federal case law because earlier courts had seemingly "applied federal common law standards" instead of trying to predict "how the New Jersey Supreme Court would decide the issue." *Id.* at 134.

Turning to New Jersey's intermediate appellate courts, the *Zydus* court found the precedent on a non-signatory's right to enforce a forum-selection clause "concededly thin, and to some degree . . . confounded by other issues, such as arbitration and the entire controversy doctrine." *Id.* Still, the court thought such case law to be the "best guide," and two conclusions were reached: (1) "New Jersey . . . contract law, as is common, permits a third-party beneficiary to enforce a contractual provision," and (2) other theories of non-signatory enforcement, such as the "'global transaction' exception or . . . 'closely related' exception" have not been generally accepted in New Jersey when applied to forum-selection clauses. *Id.* at 133 (collecting cases).

---

[6]      Because Plaintiff's claims are brought under New Jersey law, this Court is sitting in diversity, and both parties brief the scope of the forum-selection clause under New Jersey law, the Court will presume at this time that New Jersey law applies. *See, e.g., Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 591 n.5 (D.N.J. 2016) ("Since Plaintiffs have made their allegations under New Jersey law and both parties have briefed the sufficiency of the claims under New Jersey law, the Court will, for purposes of deciding the present motion to dismiss, apply New Jersey law to determine whether Plaintiffs have succeeded in stating plausible claims for relief.").

Accepting the *Zydus* court's reasoning, Cutaia and Khan may only enforce the employment agreement's forum-selection clause against Plaintiff if they are determined to be third-party beneficiaries of that agreement. And the Court finds them to be such beneficiaries who are permitted to enforce the forum-selection clause.

New Jersey's courts have long recognized that third-party beneficiaries can bind others and be bound, under the appropriate circumstances, to agreements they did not sign. In *Brooklawn v. Brooklawn Housing Corporation*, for example, New Jersey's Court of Errors and Appeals explained that third-party beneficiaries are generally split between those who have a right of action under a contract and those who are "incidental" beneficiaries and have no right to enforce. 11 A.2d 83, 85 (N.J. E. & A. 1940). The Court wrote that "[t]he determining factor as to the rights of a third[-]party beneficiary is the intention of the parties who actually made the contract. . . . Thus, the real test is whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts; and the fact that such a benefit exists, or that the third party is named, is merely evidence of this intention." *Id.* Similarly, in *Broadway Maintenance Corporation v. Rutgers, State University*, the New Jersey Supreme Court clarified that "[t]he contractual intent to recognize a right to performance in the third person is the key. . . . This is a fact-sensitive issue and in each case the court must examine the terms and conditions of the agreement to determine whether the non-party to the contract was an intended or incidental beneficiary." 447 A.2d 906, 909 (N.J. 1982).

In accordance with these principles, New Jersey courts have found enforceable third-party beneficiary status in instances when a "substantial nexus exist[ed] between the subject matter of . . . [an] agreement and the claim raised," when a third-party claim was "essentially derivative" of a claim covered by an agreement, or when it was "clear" that the parties to an agreement intended that a third-party benefit from a contract. *See, e.g., Hojnowski ex rel. Hojnowski v. Vans Skate*

Park, 868 A.2d 1087, 1092 (N.J. Super. Ct. App. Div. 2005), *aff'd sub nom.*, 901 A.2d 381 (N.J. 2006); *Jansen v. Salomon Smith Barney, Inc.*, 776 A.2d 816, 819 (N.J. Super. Ct. App. Div. 2001).

Here, the employment agreement between Verb Technology and Plaintiff, signed by Khan on behalf of the company, evinces the parties' clear intent for Cutaia and Khan to be third-party beneficiaries of the forum-selection clause, not merely "incidental" beneficiaries. The agreement sets forth that any dispute "arising out of or related to [Plaintiff's] . . . employment with the Company, including the termination of that relationship . . . whether asserted against the Company or its *current or former employees*" will be resolved in arbitration in Los Angeles, California. (ECF No. 9-11 at 10 (emphasis added).) For any disputes not brought in arbitration, the agreement directs that "[t]he Company and [Plaintiff] irrevocably submit to the exclusive jurisdiction of any state or federal court located in Los Angeles County, California over any suit, action or proceeding arising out of or relating to or concerning the employment relationship." (*Id.* at 10-11.) This plain language clearly contemplates that employment-related disputes between Plaintiff and Verb Technology and its other employees, such as Cutaia and Khan, would be either arbitrated or litigated in California. Cutaia and Khan are thus intended third-party beneficiaries, and they may enforce the forum-selection clause against Plaintiff.

In addition, all of Plaintiff's claims against Cutaia and Khan have a substantial nexus in and are largely (if not wholly) derivative of the claims that Plaintiff is asserting against Verb Technology. The Complaint does not differentiate between the three for purposes of liability and treats them identically. In essence, Plaintiff's claims against the individual Defendants are predicated on the deal reached between him and the company, which relationship was subject to a valid and enforceable forum-selection clause. Therefore, for the same reasons that transfer to California of Plaintiff's claims against Verb Technology is appropriate under § 1404(a), transfer of Plaintiff's claims against Cutaia and Khan is also appropriate.

In any event, because the private and public-interest factors also tilt in favor of transfer of the claims against Cutaia and Khan, those claims would be subject to transfer to the Central District of California even if the individual Defendants were found not to be third-party beneficiaries.

As to the private factors, all but one either support transfer or are neutral. *First*, although Plaintiff seeks to maintain this action in New Jersey, he entered into a forum-selection clause with Verb Technology to have any employment-related claims litigated in California, and he cannot now rescind his agreement and express a different venue preference. *See Peck*, 665 F. Supp. 3d at 616. *Second*, both Cutaia and Khan support the transfer to California, so this factor also weighs in favor of transfer. *See id. Third*, even if New Jersey bears a closer connection to the events and transactions underpinning Plaintiff's claims than California, New Jersey's interest is not controlling. Defendants attest that Verb Technology has no offices in New Jersey, is not registered to do business in New Jersey, does not have any New Jersey customers, and Defendants do not own any property in New Jersey. (ECF No. 9-10 at 1-2.) The only connection to New Jersey appears to be Plaintiff's residency there, and this does not defeat the other factors favoring transfer. *See, e.g., Lord v. Accenture LLP*, Civ. No. 21-08646, 2021 WL 5980339, at *6 (D.N.J. Dec. 17, 2021) ("The only real interest that New Jersey has in this dispute is th[e] fact that Plaintiff is a resident of New Jersey, who happened to work out of her home for several months in 2020 when she was employed by Defendant. This interest is not particularly significant.").

*Fourth*, the Central District of California is more convenient for three of the four parties, with Khan living in California. *See Peck*, 665 F. Supp. 3d at 616 ("The fourth factor also supports transfer because the Northern District of Indiana is a more convenient forum for three of the four parties in this matter . . . ."). *Fifth and sixth*, because the parties do not identify any witness or records that may be unavailable for trial in either fora, this factor is neutral. *See Lord*, 2021 WL 5980339, at *5 ("The fifth and sixth factors are neutral—there is no evidence that any relevant

15

witnesses, books, or records would be unavailable in New York."); *Lapidow*, 2024 WL 863426, at *3 (same). *And seventh*, because no party has raised any other potential practical problems with a trial in either fora, this factor is neutral as well. *Peck*, 665 F. Supp. 3d at 616.

As to the public-interest factors, the analysis is the same for Cutaia and Khan as it was for Verb Technology above, with one exception. Because Defendant Khan is a resident of California and Plaintiff is a resident of New Jersey, the local interest factor is neutral as to them. Both fora have an interest in resolving an employment-related dispute involving their residents.

Consequently, because the private and public factors tilt in favor of transfer of the claims against Defendants, this case will be transferred to the Central District of California, Western Division, and the Court need not proceed to determine if any claims should be severed and retained in New Jersey. *See In re: Howmedica,* 867 F.3d at 404 ("If, at this juncture, the Step One and Step Two analyses point to the same forum, then the court should allow the case to proceed in that forum, . . . and the transfer inquiry ends there.").

## IV.    CONCLUSION

For the reasons set forth above, and other good cause shown, Defendants' Motion to Transfer Venue (ECF No. 9) is **GRANTED**. An appropriate Order follows.

Dated:  March 25, 2024

_____
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

16